IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00680-RJC-DSC

| | |
|---|---|
| KIMBERLY TIGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| CHARLOTTE-MECKLENBURG ) | |
| SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss," Doc. 2 and the parties' associated briefs and exhibits, Docs. 2, 3 and 5.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted in part and denied in part as discussed below.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the Complaint, Doc. 1, Ex. 1, as true, Plaintiff was subjected to racially discriminatory conduct, retaliation, and a hostile work environment by at least one co-worker and one director, both of whom were Caucasian, at Charlotte-Mecklenburg Schools[1].

---

[1] Defendant represents that the correct legal entity is the Charlotte-Mecklenburg Board of Education.

Although management and human resources at CMS knew about the racially discriminatory conduct, harassment, and retaliation, they failed to take prompt and remedial action.

Within weeks after Plaintiff's February 13, 2017 complaint of discrimination to human resources supervisor Sandra Gero, Defendant retaliated against her by intentionally locking her out of work programs and software necessary to perform her job. On March 3, 2017, Defendant disciplined Plaintiff with a formal write-up for not performing a co-worker's job functions. As further retaliation, Defendant placed the unjustified formal write-up in Plaintiff's personnel file, thus preventing her from transferring to another department.

The harassment continued up to and including the date of Plaintiff's filing a charge of discrimination, retaliation, and harassment with the Equal Employment Opportunity Commission on March 3, 2017. Prior to and during the mediation process with the EEOC, Plaintiff attempted to transfer out of her department into at least five other positions for which she was equally qualified. She was passed over for those positions. In many cases those positions were given to Caucasian individuals who were less qualified than Plaintiff.

Plaintiff filed this action in Mecklenburg County Superior Court on November 27, 2018. She asserts three claims for relief: (1) violation of 42 U.S.C. § 1981; (2) race-based discrimination in violation of Title VII; and (3) retaliation in violation of Title VII.

On December 28, 2018, Defendant timely removed the action to this Court. Doc. 1. On January 4, 2019, Defendant filed this Motion to Dismiss. Doc. 2.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue for the

court before considering the merits of a case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff has the burden of proving subject matter jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (citations omitted).

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., requires a plaintiff to exhaust administrative remedies before filing suit in federal court. 42 U.S.C. §§ 2000e-5(b), (f)(1). Failure to exhaust administrative remedies deprives the court of subject matter jurisdiction. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 409 (4th Cir. 2013); Jones v. Calvert Grp., Ltd., 551 F. 3d 297, 300-01 (4th Cir. 2009). Accordingly, the issue is properly analyzed under Rule 12(b)(1). Agolli v. Office Depot, Inc., 548 F. App'x 871, 875 (4th Cir. 2013).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or

develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for a pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's claim for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

### III. DISCUSSION OF CLAIMS

**A. Section 1981 Claim**

Plaintiff's first claim alleges hostile work environment and failure to promote in violation of 42 U.S.C. § 1981. Defendant argues that this claim fails to state a claim for relief because no freestanding claim against a municipal employer exists under Section 1981. The Court agrees.

"Section 1981 outlaws race discrimination in the making and enforcement of private contracts." Murrell v. Ocean Mecca Motel, Inc., 262 F.3d 253, 257 (4th Cir. 2001). Courts considering Section 1981 claims in the context of employment discrimination "analyze such cases employing the same statutory scheme used in cases brought under Title VII." Buchanan v. Consolidated Stores Corp., 125 F. Supp. 2d 730, 734 (D. Md. 2001).

In Jett v. Dallas Independent School District, the Supreme Court held that "the express cause of action for damages created by [42 U.S.C.] § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." 491 U.S. 701, 733

(1989). Thus, Jett held that a plaintiff must meet the requirements of § 1983 to prevail on a claim against a school board. Id. at 735–36 (requiring plaintiff to show that "a[n] [official school district] custom or policy" violated his "right to make contracts").  In Dennis v. County of Fairfax, the Fourth Circuit held that Congress did not create a cause of action against individual state actors under § 1981. 55 F.3d 151, 156 (4th Cir. 1995). "To the extent that [Plaintiff's] claims were pleaded under § 1981, they run afoul of Jett." Id.; see also, Farmer v. Ramsay, 43 Fed. Appx. 547, 553 n.8 (4th Cir. 2002) (holding that § 1983 is the exclusive remedy for violations of § 1981 by state actors).

Since CMS is a local governmental unit under Jett, Plaintiff cannot sustain her claim pursuant to 42 U.S.C. § 1981.  The undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's Section 1981 claim be granted.

### B. Title VII Claims

 Title VII makes it "an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensations, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ...." 42 U.S.C § 2000e–2(a)(1).

Defendant seeks dismissal of Plaintiff's Title VII claims for race discrimination and retaliation pursuant to Rule 12(b)(1) because she failed to allege that she exhausted her administrative remedies.

Before filing a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d)). "The allegations contained in the administrative charge of discrimination generally limit

the scope of any subsequent judicial complaint." Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014) (citations omitted). Although courts "recognize that EEOC charges often are not completed by lawyers and as such must be construed with utmost liberality," courts are "not at liberty to read into administrative charges allegations they do not contain." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013) (citations and quotation marks omitted). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint" may be pursued in a lawsuit under Title VII. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). "Thus, 'factual allegations made in formal litigation must correspond to those set forth in the administrative charge.'" Bonds v. Leavitt, 629 F.3d 369, 379 (4th Cir. 2011) (quoting Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005)).

"[A] plaintiff fails to exhaust his administrative remedies where. . .his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." Chacko, 429 F.3d at 506; see Bonds, 629 F.3d at 379 ("[A] claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex.") (quoting Jones, 551 F.3d at 300). Nonetheless, because laypersons often initiate the EEOC administrative process, courts construe EEOC charges liberally. Chacko, 429 F.3d at 509.

In response to Defendant's argument, Plaintiff contends that she exhausted her administrative remedies with respect to her Title VII claims and attached her EEOC right to sue letter dated August 29, 2018 to her Response to the Motion to Dismiss. See Doc. 3, Ex. 2. This letter references EEOC Charge No. 846-2017-15807. Defendant located the corresponding EEOC Charge with the same number and attached it to its Reply. See Doc. 5, Ex. 1. However, Defendant

argues that Plaintiff refers to an EEOC Charge dated March 3, 2017 in her Complaint and therefore she has not established subject matter jurisdiction. The Court disagrees.

Since the EEOC Charge of Discrimination and right to sue letter were provided in response and reply to the Motion to Dismiss, the Court may consider them in determining whether Plaintiff has exhausted her administrative remedies. Williams v. Pitt County Bd. Of Ed., No. 4:18-cv-32-BR, 2018 WL 6981219, at *3 (E.D.N.C. December 5, 2018) (citing Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768) (allowing court to consider evidence outside the complaint when a Rule 12(b)(1) motion challenges the basis for subject matter jurisdiction). Plaintiff's Complaint contains allegations of discrimination, hostile work environment and retaliation. Doc. 1, Ex. 1. Plaintiff's EEOC Charge No. 846-2017-15807 checked the boxes for race and retaliation discrimination and stated "I have been subjected to unfair treatment because I am Black…I believe I am being harassed and mistreated because of my race and subjected to retaliation for complaining about racial harassment and mistreatment based on my race." Id. Plaintiff alleges that the discrimination began on May 12, 2011 and the latest discrimination took place on March 3, 2017 and was continuing. Plaintiff's right to sue letter referenced EEOC Charge No. 846-2017-15807. Based upon these facts, the undersigned finds that Plaintiff has exhausted her administrative remedies with respect to her Title VII claims and respectfully recommends that Defendant's Motion to Dismiss be denied.

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant's Motion to Dismiss," Doc. 2 be GRANTED with respect to Plaintiff's Section 1981 claim and DENIED with respect to Plaintiff's Title VII claims.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to *pro se* Plaintiff, counsel for Defendant and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: February 13, 2019

David S. Cayer
United States Magistrate Judge