UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-680-RJC-DSC

| | |
|---|---|
| KIMBERLY TIGNER ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| CHARLOTTE-MECKLENBURG ) | |
| SCHOOLS ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's Consent Motion for Leave to Amend Complaint, (Doc. No. 11). Also pending before the Court is Defendant's Motion to Dismiss, (Doc. No. 2), the parties' briefs and exhibits, the Magistrate Judge's Memorandum and Recommendation ("M&R") on Defendant's Motion to Dismiss, (Doc. No. 6), and Plaintiff's Objection thereto, (Doc. No. 10).

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within twenty-one (21) days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

1

The Rule further provides that leave to amend shall be freely given "when justice so requires." Id.

The M&R found that 42 U.S.C. § 1983 provides "the exclusive federal remedy for violation of the rights guaranteed in § 1981." (See Doc. No. 6 at 5 (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989)). The M&R recommended that because Plaintiff only alleged a claim under § 1981—rather than under § 1983—and because Defendant is a local governmental authority, Plaintiff's § 1981 claim should be dismissed. (Doc. No. 6 at 6). After the M&R was issued, Plaintiff retained counsel prior to filing her Objection. In her Objection, Plaintiff agreed with the M&R's determination that Plaintiff cannot allege a cause of action under § 1981 independent of § 1983. The Objection noted that, at the time Plaintiff filed her initial Complaint in state court, (See Doc. No. 1), she was proceeding pro se and "was unaware of the subtle legal relationship between 42 U.S.C. §§ 1981 and 1983." (Doc. No. 10 at 1–2). Plaintiff argued that because her initial Complaint was filed without the assistance of counsel and alleged claims for relief generally, Plaintiff's pro se Complaint should not be dismissed on that basis. (Doc. No. 10 at 2). Plaintiff further indicated that she would move to amend separately. (Id.). On April 4, 2019, Plaintiff filed a Consent Motion for Leave to Amend Complaint, (Doc. No. 11), and submitted a Proposed Amended Complaint accompanying her motion, (Doc. No. 11-1).

For the reasons stated in the M&R and Plaintiff's Objection and Motion to Amend, and noting that Defendant does not oppose the Motion, the Court will

2

**GRANT** Plaintiff's Motion for Leave to Amend Complaint, (Doc. No. 11), with the following caveat. In her Proposed Amended Complaint, Plaintiff titled her first claim for relief as "Violation of 42 U.S.C. §§ 1981 and 1983." (Doc. No. 11-1 at 9–11). In light of the foregoing, and so as not to conflate the issues, Plaintiff is directed to plead this cause of action as a "violation of 42 U.S.C. § 1983 based on the protections set forth in 42 U.S.C. § 1981." That way, it is clear that Plaintiff's exclusive remedy lies under § 1983.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Consent Motion for Leave to Amend Complaint, (Doc. No. 11), is **GRANTED**;
2. Defendant's Motion to Dismiss, (Doc. No. 2), is **DENIED** as moot without prejudice; and
3. The M&R, (Doc. No. 6), is now moot.

**SO ORDERED**.

Signed: May 22, 2019

Robert J. Conrad, Jr.
United States District Judge