IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:18-CV-680

| | |
|---|---|
| KIMBERLY TIGNER,<br><br>Plaintiff,<br><br>v.<br><br>CHARLOTTE-MECKLENBURG SCHOOLS,<br><br>Defendant. | **Memorandum of Law in Opposition to**<br><br>**Defendant's Motion to Dismiss** |

NOW COMES Plaintiff, Ms. Kimberly Tigner ("Ms. Tigner"), by and through undersigned counsel, submits this Memorandum of Law in Opposition to Defendant Charlotte-Mecklenburg Schools' ("Defendant") Motion to Dismiss. Doc. 16. Ms. Tigner respectfully requests the Court deny all Defendant's motions to dismiss, specifically, denying Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction because Ms. Tigner timely filed her EEOC Charge of Discrimination and properly exhausted her administrative remedies Ms. Tigner respectfully requests that Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim also be denied because her Corrected Amended Complaint contains sufficient factual matter to state claims for which relief can be granted.

# I. Legal Standards

## A. Rule 12(b)(1)

"Federal Rule of Civil Procedure 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of a lawsuit." *Hoffman v. Family Dollar Stores, Inc.*, 99 F. Supp. 3d 631, 634 (W.D.N.C. 2015). "In determining whether jurisdiction exists, the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Before a potential plaintiff may file a suit under Title VII, she must exhaust her administrative remedies through the EEOC charge-filing process. *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843 (2019) (*holding that Title VII's charge-filing requirement was not jurisdictional*); *see* 42 U.S.C. § 2000e-5(f)(1). Should the potential plaintiff fail to satisfy this procedural obligation, her case is subject to dismissal upon the opposing party's timely assertion of the affirmative defense of failure to exhaust administrative remedies. *Fort Bend Cty.*, 139 S. Ct. at 1843.

## B. Rule 12(b)(6)

A Rule 12(b)(6) Motion to Dismiss tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F. 3d 186 (4th Cir. 2009). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A plaintiff need not plead "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, however, the Rule does require "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when the well-plead "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

As noted by the Supreme Court in *Twombly,* employment discrimination claims carry no heightened pleading standard. 550 U.S. at 570. Likewise, Title VII plaintiffs are not required to allege specific facts establishing a prima facie case. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-11 (2002) (concluding that "the prima facie case ... is an evidentiary standard, not a pleading requirement."); *Harris v. Guilford County Sheriff's Office*, No. 1:18CV519, 2019 WL 568589, at *3 (M.D.N.C. Feb. 12, 2019). Complaints in such cases therefore "must satisfy only the simple requirements of Rule 8(a)." *Swierkiewicz*, 534 U.S. at 513.

## II. ARGUMENT

**A. Exhaustion of Administrative Remedies Related to Charge-Filing Requirement**

Ms. Tigner's Charge of Discrimination and Notice of Right to Sue Demonstrate her Exhaustion of Administrative Remedies, and having thus met Title VII's Charge-filing Procedural Prerequisite, Ms. Tigner is properly before the Court.[1]

---

[1] In *Fort Bend County v. Davis*, No. 18-525 June 3, 2019, the United States Supreme Court held that Title VII's EEOC charge-filing requirement, while mandatory, is not jurisdictional. Thus, a party's failure to exhaust

Ms. Tigner's Charge of Discrimination (Document No. 5-1) and Notice of Right to Sue (Document No. 3-2), were both already part of the Court record at the time Ms. Tigner submitted her Corrected Amended Complaint (Doc. 15), so she did not re-submit the same Exhibits; all Parties and the Court had reviewed the documents and had access to them. At no time would Defendant be prejudiced by Plaintiff's proceeding on the charges already stated. Defendant's attempt to dismiss based on this efficiency should be denied.

1. Legal Standard

Prior to filing suit in federal court, a potential plaintiff alleging discrimination in violation of Title VII of the Civil Rights Act of 1963 must first exhaust her administrative remedies through the Equal Employment Opportunity Commission ("EEOC") charge process. *Fort Bend Cty.*, 139 S. Ct. at 1843 (*citing* §2000e-5(e)(1), (f)(1)). This process requires the potential plaintiff to file a charge of discrimination with the EEOC, and 180 days after filing such charge, the potential plaintiff is entitled to a "notice of right to sue." *Fort Bend Cty.*, 139 S. Ct. at 1843; *see also McInnis v. NC Dept of Environ. Nat. Resources,* 223 F. Supp. 2d 758 - Dist. Court, No. CIV.1:02CV00405, (M.D.N.C. September 18, 2002) ("Plaintiff exhausted her administrative remedies by filing her ADA charge with the EEOC. Accordingly, she was entitled to a "right to sue" letter with regard to her ADA claim.")

In the Fourth Circuit, a potential plaintiff's entitlement to her "right to sue" notice, regardless of whether she has been issued or received the notice, satisfies the administrative exhaustion mandate. *Barnes v. Shulkin*, No. 1:16cv940. January 22, 2018 (citing *Davis v. North Carolina Dept. of Correction*, 48 F.3d 134, 140 (4th Cir. 1995)). Since the EEOC Charge of

---

administrative remedies does not deprive the federal courts of subject matter jurisdiction over the party's Title VII claims.

Discrimination and right to sue letter were provided in response and reply to the Motion to Dismiss, the Court may consider them in determining whether Plaintiff has exhausted her administrative remedies. *Williams v. Pitt County Bd. Of Ed.*, No. 4:18-cv-32-BR, 2018 WL 6981219, at *3 (E.D.N.C. December 5, 2018) (citing Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768) (allowing court to consider evidence outside the complaint when a Rule 12(b)(1) motion challenges the basis for subject matter jurisdiction).

2. Application

Ms. Tigner's original *pro se* Complaint (Doc. 2-1) did not mention or include a copy of her Notice of Right to Sue, but Ms. Tigner submitted a copy as Exhibit B (Doc. 3-2) to her Opposition to Defendant's Motion to Dismiss (Doc. 3). Defendant submitted a copy of Ms. Tigner's EEOC Charge of Discrimination as Exhibit 1 to its Reply to Plaintiff's Opposition (Doc. 5-1 and 5, respectively). As U.S. Magistrate Judge Cayer noted in his February 2, 2019 Memorandum and Recommendations (Doc. No. 6), Ms. Tigner alleged that she exhausted her administrative remedies when, in response and reply to Defendant's Motion to Dismiss filed January 4, 2019, she submitted to the Court the EEOC Charge of Discrimination and right to sue letter. Furthermore, as the Magistrate Judge noted, Plaintiff's Complaint contains allegations of discrimination, hostile work environment and retaliation. (Doc. 1, Ex. 1). Plaintiff's EEOC Charge No. 846-2017-15807 checked the boxes for race and retaliation discrimination and stated "I have been subjected to unfair treatment because I am Black…I believe I am being harassed and mistreated because of my race and subjected to retaliation for complaining about racial harassment and mistreatment based on my race." *Id.* Plaintiff alleges that the discrimination began on May 12, 2011 and the latest discrimination took place on March 3, 2017 *and was*

*continuing*. Plaintiff's right to sue letter referenced EEOC Charge No. 846-2017-15807. Based upon these facts, the undersigned finds that Plaintiff has exhausted her administrative remedies with respect to her Title VII claims and respectfully recommends that Defendant's Motion to Dismiss be denied.

**B. Exhaustion of Administrative Remedies Related to Retaliation**

Because Ms. Tigner sufficiently alleged in her Corrected Amended Complaint (Doc. 15) that she was subjected to retaliation for complaining about racial harassment and mistreatment based on [her] race" while employed by Defendant, the Court should deny the Defendant's Motion to Dismiss. Ms. Tigner is asserting Title VII claims for (1) hostile work environment, (2) failure to promote/transfer, and (3) retaliation, none of which are outside the scope of Ms. Tigner's EEOC charge. Thus, all three claims for relief are procedurally proper.

<u>1. Legal Standard for Scope</u>

In determining the scope of an EEOC charge for the purpose of a federal lawsuit, the Court's analysis should be based on "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Jones v. Calvert Group Limited*, 551 F.3d 297, 300 (4th Cir. 2009) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)). The general purpose behind this requirement is to afford the employer sufficient notice of the alleged violations and avoid unnecessary litigation. *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). " A plaintiff fails to exhaust [her] administrative remedies where . . . [her] administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in

his formal suit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). A plaintiff's claims are reasonably related to the initial charge, however, if both allege discrimination in promotion, but the complaint addresses a different aspect of the promotional system; or both allege retaliation, but the complaint alleges different retaliatory conduct. *See Sydnor v. Fairfax Cty.*, 681 F.3d 591, 594 (citing *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981) and *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000), respectively). Furthermore, Courts will interpret EEOC charges "with utmost liberality," to protect the interests of plaintiffs. *Alvarado v. Bd. Of T. of Montgomery Com. College*, 848 F.2d 457 (4th Cir. 1988).

    2. Application of Legal Standard for Scope

Defendant contends that Ms. Tigner has exhausted her administrative remedies because her claims for hostile work environment, failure to promote/transfer, and retaliation claims exceed the scope of her EEOC charge. As the U.S. Magistrate Judge Cayer noted in his Memorandum and Recommendation filed February 2, 2019, Ms. Tigner's complaint contains allegations of discrimination, hostile work environment, and retaliation. (Document No. 6). Ms. Tigner's EEOC Charge No. 846-2017-15809 checked boxes for race and retaliation discrimination, and stated "I have been subjected to unfair treatment because I am Black . . . I believe I am being harassed and mistreated because of my race and subjected to retaliation for complaining about racial harassment and mistreatment based on my race." (Document No. 5-1). Ms. Tigner alleged that the discrimination began on May 12, 2011, and the latest discrimination took place on March 3, 2017 and was continuing. Ms. Tigner's right to sue letter referenced EEOC Charge No. 846-2017-15809. Based upon these facts, U.S. Magistrate Judge Cayer found that Ms. Tigner had exhausted her administrative remedies with respect to her Title VII claims.

Liberally construing the EEOC charge and considerable additional submissions of documentation by Ms. Tigner, and due to the interconnected nature of Ms. Tigner's Title VII claims, Ms. Tigner sufficiently alleged facts in her EEOC charge that would put Defendant on notice that she was making claims based on (1) hostile work environment, (2) failure to promote/transfer, and (3) retaliation. Furthermore, Ms. Tigner's allegations of discrimination based on her race and retaliation could reasonably have prompted, and did in fact prompt a thorough investigation of claims of hostile work environment, failure to transfer/promote, and retaliation by the EEOC or Defendant's Human Resources Department. Accordingly, Ms. Tigner's allegations of hostile work environment, failure to transfer/promote, and retaliation are not outside the scope of her EEOC charge. Therefore, Ms. Tigner's claims are procedurally proper and should not be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**C.  Sufficiency of Ms. Tigner's Claims for Retaliation, Hostile Work Environment, and Failure to Promote**

When assessing pleadings involving employment discrimination claims, courts do not require a plaintiff to establish a prima facie case of discrimination, nor do courts demand a greater degree of particularity than in other civil matters. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-11 (2002*)* (concluding that "the prima facie case ... is an evidentiary standard, not a pleading requirement."); *Harris v. Guilford County Sheriff's Office*, No. 1:18CV519, 2019 WL 568589, at *3 (M.D.N.C. Feb. 12, 2019).  The Plaintiff must allege sufficient facts to establish all the elements of her respective claims. *See Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003); Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)

1. Retaliation

To state a claim for retaliation under Title VII, Ms. Tigner must show that: (1) she was engaged in a protected activity and that was known to the decision maker, (2) the employer took adverse employment action against her; and (3) a causal connection existed between Ms. Tigner's engagement in a protected activity and her employer's adverse employment action. *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Because Ms. Tigner has alleged sufficient facts to establish all elements of her respective claims, the Court should deny Defendant's 12(b)(6) Motion to Dismiss.

    i. Protected Activity

As set forth in her Corrected Amended Complaint, Ms. Tigner engaged in protected activity many times, including when she "objected to [discriminatory] comments or behavior" (Document No. 15,¶. 11), "reached out to Human Resources to request help" for the racial discrimination she was facing in the workplace (Doc.15, ¶18), "filed a complaint with HR about....[the] discrimination..." (Doc.15 ¶ 23), "complained not only to Mr. Chancey, but to Mr. Chancey's supervisor, Assistant Superintendent Craven-Howell, Robert Carmichael in Human Resources, and finally, Sandra Gero, Mr. Carmichael's supervisor, about the racial discrimination, harassment, and retaliation" (Doc. 15, ¶ 29), and then spoke again "to Employee Relations Manager Sandra Gero about the ongoing discrimination." Doc. No. 15 ¶ 34. Ms. Tigner further alleges, and taken as true for purposes of this motion, that "management and HR of Charlotte Mecklenburg Schools knew about the racially offensive conduct, harassment, and retaliation." Doc. 15 ¶ 33.

ii. Adverse Employment Action

The Defendant took adverse employment action against Ms. Tigner by, among other things, "issuing her an unfounded letter of reprimand" and "intentionally locking her out of work programs and software" essential to her ability to do her job (Doc. 15, ¶ 35), issuing her a formal write-up for not performing a co-worker's job duties, and passing over Ms. Tigner for five (5) internal positions for which she applied and was well qualified (Doc. 15 ¶¶ 41-45).

iii. Causal Connection.

A causal connection exists between Ms. Tigner's engagement in the protected activity and the Defendant's adverse employment action against Ms. Tigner. Ms. Tigner further alleges, and taken as true for the purposes of this motion, that "Assistant Superintendent Craven-Howell gave Ms. Tigner a negative performance Evaluation, and stated Ms. Tigner was not a team player based on Ms. Tigner's filing a charge of discrimination with the EEOC." Doc 15, ¶ 48.

Very close temporal proximity between an employer's knowledge of protected activity and the employee's suffering adverse employment action can be sufficient evidence of causality to establish a prima facie case of retaliation. *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001). In this case, not only did Ms. Tigner and Defendant produce documents reflecting Defendant's actual knowledge of Ms. Tigner's protected activity, but the less-than-one-month time spans between Ms. Tigner's HR report of discrimination and the unfounded letter of reprimand and other incidents of discrimination establish a claim for retaliation in violation of Title VII.

### 2. Hostile Work Environment

To state a claim for hostile work environment under Title VII, Ms. Tigner must allege facts indicating (1) she was harassed because of her race, (2) harassment was intentional, (3) the harassment was sufficiently severe or pervasive to create an abusive work environment, and (4) some basis exists for imputing liability to the employer. *See Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011). Because Ms. Tigner has sufficiently alleged enough facts for each prong of a hostile work environment claim the Court should deny the Defendant's Motion to Dismiss.

Ms. Tigner alleged that she was intentionally harassed because of her race in both her EEOC Charge of Discrimination (No. 846-2017-1507) and her Corrected Amended Complaint (Doc. No. 15). In Ms. Tigner's EEOC Charge, she alleged that she was subjected to unfair treatment because she is black; that she was harassed and mistreated because of her race. Doc. 15, Doc. 6. Ms. Tigner further alleged that "As a result of ... ongoing harassment, racially motivated derogatory comments, and failure to promote, [she] developed severe anxiety and sought medical help." Doc. 15, ¶ 50

The harassment Ms. Tigner faced was brutal and relentless, including incidents ranging from mildly insulting to dehumanizing, including, among other things, her supervisor circulated a petition against Ms. Tigner's wearing natural hair (Doc. 15 ¶ 8), regularly insulted Ms. Tigner and ridiculed her status as a black single mother, directed other employees "to use their administrative level access to... Defendant's internal directory, to look up information about Ms. Tigner's minor son" (Doc. 15 ¶ 15), subjected Ms. Tigner to daily bullying sessions, and allowed other white employees to ridicule and "gang up on" Ms. Tigner because of her race. Doc. 15, ¶¶ 27, 28.

Ms. Tigner's Corrected Amended Complaint, specifically pages 6-8, sets forth specific facts supporting her claim for failure to promote, including a list of positions for which she was more than qualified, but for which she was passed over in favor of lesser-qualified white coworkers. When Ms. Tigner inquired about why she was passed over when she was highly qualified for the positions, HR told Ms. Tigner that while she met the "written qualifications" for the jobs, she did not meet the "unwritten qualifications," which, on information and belief, had to do with race.

### 3. Failure to Promote

To state a claim for failure to promote/transfer under Title VII, Ms. Tigner must show that: (1) she is a member of a protected class or group, (2) she applied for the job in question, (3) she was qualified for the position or job, and (4) she was rejected from the position under circumstances giving rise to an inference of unlawful discrimination. *See Bryant v. Aiken Reg'l Med. Ctr., Inc.,* 333 F.3d 536, 543-45 (4th Cir. 2003). Because Ms. Tigner has sufficiently alleged enough facts for each prong of a failure to promote/transfer claim, the Court should deny the Defendant's Motion to Dismiss.

Ms. Tigner satisfied the first requirement when she alleged that she is a member of a protected class as an African American person. She alleged this in her EEOC Charge (Doc. 5-1), and in her Corrected Amended Complaint (Doc. No. 15) where she explicitly stated that she is black. (Doc. 15, ¶ 7). Ms. Tigner satisfied the second requirement when she applied to five (5) internal job postings and was passed over for each of the five. (Doc. 15, ¶¶ 41-42). Ms. Tigner satisfied the third requirement because, as alleged in her Corrected Amended Complaint, she has "a bachelor's degree in Business Administration; a Master's of Business Administration

("MBA") in Human Resource Management and Services; teacher licensure; postgraduate work in Business Administration, Management, and Operations; and more than ten (10) years' experience in the field," along with considerable additional qualifications (Doc. 15, ¶ 41). Ms. Tigner met or exceeded the requirements for all the internal positions to which she applied, yet she was told she did not meet the qualifications, and the positions were either left open or were filled by lesser-qualified white people (Doc. 15, ¶¶ 43-44). Lastly, Ms. Tigner satisfied the final requirement when she alleged that "Defendant told Ms. Tigner that while she may have met the written qualifications in the job descriptions for the transfer positions, she did not meet the unwritten qualifications." (Doc. 15, ¶ 45).

### III. CONCLUSION

For the reasons stated in this Memorandum of Law, Plaintiff Kimberly Tigner respectfully requests the Court deny Defendant's Motion to Dismiss in its entirety and allow her claims to proceed to a determination on their merits.

Respectfully submitted,

This the 31st day of July, 2019.

**VENNUM PLLC**

By: **/s/ Elizabeth Vennum**
NC State Bar No. 49747
8510 McAlpine Park Dr., Suite 210
Charlotte, NC 28211
(980) 338-0111
liz@vennumlaw.com
*Counsel for Plaintiff*

<h1 style="text-align:center">Certificate of Service</h1>

The undersigned hereby certifies that the foregoing was electronically filed this day with the Clerk of Court using the CM/ECF system, which will serve a copy upon all counsel of record as follows:

| | |
|---|---|
| Terry L. Wallace<br>Wallace Childers PLLC<br>5821 Fairview Road; Suite 110<br>Charlotte, North Carolina 28209<br>Phone: 704-626-2900<br>Fax: 704-626-3476<br>Email: terry@wallacechilders.com<br>*Counsel for Defendant* | Courtney C. Rogers<br>Senior Associate General Counsel<br>Charlotte-Mecklenburg Board of Education<br>600 E. Fourth Street, 5th Floor<br>Charlotte, North Carolina 28202<br>Phone: 980-343-6228;<br>Facsimile: 980-343-5739<br>Email: courtneyc.rogers@cms.k12.nc.us<br>*Counsel for Defendant* |

This, the 31st day of July, 2019,

**VENNUM PLLC**

      **By:** **/s/ Elizabeth Vennum**
           8510 McAlpine Park Dr., Suite 210
           Charlotte, NC 28211
           (980) 338-0111
           liz@vennumlaw.com
           *Counsel for Plaintiff*