# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00680-RJC-DSC

| | |
|---|---|
| **KIMBERLY TIGNER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **CHARLOTTE-MECKLENBURG SCHOOLS,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss," Doc. 16, and Plaintiff's "Memorandum of Law in Opposition to Defendant's Motion to Dismiss," Doc. 19.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted in part and denied in part</u>, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the Amended Complaint, Doc. 13, as true, Plaintiff is a Career Development Liaison in the Career and Technical Education ("CTE") Department at Charlotte-Mecklenburg Schools[1]. In January 2016, Plaintiff began to experience discriminatory conduct by

---

[1] Defendant represents that the correct legal entity is the Charlotte-Mecklenburg Board of Education.

her immediate supervisor Debra Dunn, CTE Director Jimmy Chancey and Assistant Superintendent Akeshia Craven-Howell. Plaintiff's human resource contacts were Robert Carmichael and Sandra Gero. Between March 2, 2016 and February 13, 2017, Plaintiff complained to Chancey, Craven-Howell, Carmichael, and Gero about racial discrimination, harassment, and retaliation, with no resolution. Within weeks after Plaintiff's February 13, 2017 complaint of discrimination to Gero, Defendant retaliated against her by locking her out of the work programs and software necessary to perform her job. On March 3, 2017, Defendant disciplined Plaintiff with a formal write-up for failing to perform a co-worker's job functions. As further retaliation, Defendant placed this formal write-up in Plaintiff's personnel file, thus preventing her from transferring to another department. Plaintiff filed an EEOC charge on March 20, 2017 alleging race discrimination, harassment and retaliation. See Doc. 5-1.

In the summer of 2017, Plaintiff applied for five internal positions in different departments with Charlotte-Mecklenburg Schools. Plaintiff's qualifications met or exceeded the listed qualifications for each position. She was not interviewed or selected for any of these positions. The positions remained open or were filled by less experienced and/or less qualified individuals. Defendant told Plaintiff that while she may have met the written qualifications in the job descriptions for those positions, she failed to meet unwritten qualifications.

Plaintiff was issued a Notice of Right to Sue from the EEOC on August 29, 2018.

On November 27, 2018, Plaintiff, acting pro se, filed this action in Mecklenburg County Superior Court alleging (1) violation of 42 U.S.C. § 1981; (2) race-based discrimination in violation of Title VII; and (3) retaliation in violation of Title VII. The action was removed to this Court on December 28, 2018. Plaintiff was granted leave to amend on May 23, 2019 to clarify her

42 U.S.C. § 1981 claim. She has now retained counsel and filed an Amended Complaint on May 30, 2019. On July 2, 2019, Defendant filed the instant Motion to Dismiss.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 546. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper[-]technical, code-pleading regime of a

3

Case 3:18-cv-00680-RJC-DSC   Document 21   Filed 08/12/19   Page 3 of 10

prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-"that the pleader is entitled to relief,"" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 326 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke, 490 U.S. at 327; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

A plaintiff must exhaust all administrative remedies prior to filing suit in federal court under Title VII. In Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1850-51 (2019), the Supreme Court recently held that failure to exhaust is grounds for dismissal pursuant to Rule 12(b)(6) rather than 12(b)(1).

4

The Fourth Circuit has held that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). Claims that fall outside the scope of the EEOC Charge are procedurally barred. Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995). A plaintiff must file an EEOC Charge within 180 days of the alleged discriminatory act prior to filing suit under Title VII. Knight v. Tyson Foods, Inc., No. 3:12-CV-47, 2012 WL 7870174, at *1 (W.D.N.C. Apr. 23, 2012) aff'd, 474 F. App'x 268 (4th Cir. 2012) (citing 42 U.S.C. § 2000e–5(e)(1)). "Failure to meet this requirement results in an untimely claim which will be procedurally barred for failure to exhaust administrative remedies." Lambert v. Mecklenburg Cnty., No. 3:04-CV-628, 2006 WL 2620307, at *3 (W.D.N.C. Sept. 12, 2006).

### III. DISCUSSION

**A. Exhaustion of Administrative Remedies and Scope of the EEOC Charge**

Defendant argues that Plaintiff did not attach the Notice of Right to Sue letter to her Amended Complaint and thus failed to show that she exhausted her administrative remedies. The Court disagrees. The parties included the EEOC Charge of Discrimination and Notice of Right to Sue in court filings prior to the Amended Complaint. See Doc. 5-1 and Doc. 3-2. Since these documents were provided in response and reply to Defendant's original Motion to Dismiss, the court may consider them in determining whether Plaintiff exhausted her administrative remedies. Williams v. Pitt County Bd. of Ed., No. 4:18-CV-32, 2018 WL 6981219, at *3 (E.D.N.C. Dec. 5, 2018) (allowing court to consider evidence outside of the complaint when a Rule 12(b)(1) motion challenges the basis for subject matter jurisdiction).

5

Plaintiff contends that Defendant violated Title VII by engaging in discriminatory conduct in January 2016, July 2016, February 2017, March 2017, and summer 2017. She did not file her Charge of Discrimination with the EEOC until March 20, 2017.  Any claim arising before September 21, 2016 – 180 days prior to March 30, 2017 – is time-barred.  See Davis v. Weiser Sec. Servs., 2016 U.S. Dist. LEXIS 26005, *8 (W.D.N.C. Feb. 3, 2016) (recommending that defendant's motion to dismiss pro se plaintiff's complaint be granted where plaintiff failed to file EEOC Charge within the requisite 180 days of alleged discriminatory act).  See also Reid v. Charlotte Mecklenburg Board of Ed., 2015 U.S. Dist. LEXIS 109613, at *5-6 (W.D.N.C. Aug. 19, 2015) (granting motion to dismiss where plaintiff filed charge of discrimination 268 days after the discriminatory act occurred, as only claims arising within 180 days prior to the filing of a Charge of Discrimination with the EEOC are actionable). Accordingly, the undersigned respectfully recommends that Plaintiff's claims based upon events in January 2016 and July 2016 are time-barred and should be dismissed.

Defendant also argues that Plaintiff alleges facts falling outside the scope of her EEOC charge in the Amended Complaint. The scope of a federal action is limited by the contents of the EEOC Charge. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300-01 (4th Cir. 2009). Plaintiff's Amended Complaint states a claim for failure to promote under Title VII.  However, she did not raise that issue in her EEOC Charge.  Her EEOC Charge filed on March 20, 2017 does include claims for retaliation and hostile work environment. Plaintiff stated in relevant part, "I believe I am being harassed and mistreated because of my race and subject to retaliation for complaining about racial harassment..." Doc. 5-1. Therefore, the undersigned respectfully recommends that the failure to promote claim be dismissed.

### B. Hostile Work Environment

Defendant argues that Plaintiff failed to allege conduct that is sufficiently severe and pervasive to support a claim for hostile work environment. The Court agrees. To state a claim for hostile work environment under Title VII, Plaintiff must allege facts showing that (1) she was harassed based on her race, (2) harassment was intentional, (3) the harassment was sufficiently severe or pervasive to create an abusive work environment, and (4) some basis exists for imputing liability to the employer. Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011). In its determination, the court looks to the frequency of the conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. Blue v. Appalachian State University, No. 5:07-CV-108, 2009 WL 703851, at *2 (W.D.N.C. Mar. 16, 2009). The facts pled here do not support a finding of sufficiently severe or pervasive conduct. Therefore, the undersigned respectfully recommends that Plaintiff's hostile work environment claim be dismissed.

### C. Retaliation

Defendant argues that Plaintiff failed to state a plausible retaliation claim. A Title VII claim for retaliation requires Plaintiff to show (1) she was engaged in a protected activity and that was known to the decision maker, (2) the employer took an adverse employment action against her, and (3) a causal connection existed between the protected activity and the adverse employment action. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); see also Barnes v. Shulkin, No. 1:16-CV-940, 2018 WL 502667, at *9 (M.D.N.C. Jan. 22, 2018). An adverse employment action is one that "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a

decision causing a significant change in benefits." See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).

Plaintiff engaged in protected activity beginning in March 2016. She spoke to and filed complaints with her supervisors and human resource representatives regarding the discriminatory conduct. She continued to engage in protected activity by filing her EEOC charge on March 20, 2017.

Defendant took adverse employment action against Plaintiff by passing her over for five internal positions which she applied for and met or exceeded the listed qualifications. Defendant's actions of locking Plaintiff out of work programs, one reprimand, and one formal write-up do not amount to adverse employment actions. Prince-Garrison v. Maryland Dep't of Health & Mental Hygiene, 317 F. App'x 351, 353 (4th Cir. 2009)("employer's failure to provide [an employee] with office supplies, reprimands for insubordination, meetings with supervisors, and directions to attend counseling, do not constitute adverse employment actions.").

Close temporal proximity between an employer's knowledge of protected activity and an adverse employment action may be sufficient evidence of causality to establish a prima facie case of retaliation. Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 276-274 (2001). Only a few months after filing her EEOC charge, Plaintiff was passed over for the five internal positions for which she applied. Therefore, the undersigned respectfully recommends that Defendant's Motion to Dismiss as to the retaliation claim be denied.

**D. 42 U.S.C. § 1983**

Defendant argues that Plaintiff failed to state a plausible claim for relief for violation of 42 U.S.C. § 1983 based upon protections set forth in 42 U.S.C. § 1981. In Monell v. Dept. of Soc. Servs. of City of New York, the Supreme Court held that "a municipality cannot be held liable

8

under § 1983 on a respondeat superior theory." 436 U.S. 658, 691 (1978). "A municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." City of Canton v. Harris, 489 U.S. 378, 385 (1989). This theory of liability requires the existence of an identifiable municipal policy or custom that caused the alleged injury. Riddick v. Sch. Bd. of the City of Portsmouth, 238 F.3d 518, 523 (4th Cir. 2000); see also Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009).

The Court finds that Plaintiff failed to allege any official policy, practice, or custom of institutional racial discrimination. Merely alleging that her supervisors were operating under color of state law while participating in the discriminatory conduct is not sufficient to impose liability under § 1983. Therefore, the undersigned respectfully recommends that the 42 U.S.C. § 1983 claim based upon protections set forth in 42 U.S.C. § 1981 be dismissed.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" be **GRANTED** in part and **DENIED** in part.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316;

9

Case 3:18-cv-00680-RJC-DSC   Document 21   Filed 08/12/19   Page 9 of 10

Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: August 12, 2019

_____
David S. Cayer
United States Magistrate Judge