UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00680-RJC-DSC

| KIMBERLY TIGNER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| CHARLOTTE-MECKLENBURG SCHOOLS, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, (Doc. No. 16), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 21).

I.  BACKGROUND

Plaintiff Kimberly Tigner ("Plaintiff") is a Career Development Liaison in the Career and Technical Education Department ("CTE Department") at Defendant Charlotte-Mecklenburg Schools[1] ("Defendant"). Plaintiff, an African American, alleges that since 2016, she has been subjected to discriminatory conduct, retaliation, and a hostile work environment because of her race. Specifically, in January 2016, Debra Dunn ("Dunn"), Plaintiff's immediate supervisor, circulated a petition among Plaintiff's coworkers, gathering signatures of white colleagues who considered Plaintiff's natural hairstyle to be unprofessional and inappropriate for the workplace.

---

[1] Defendant states that the correct legal entity is Charlotte-Mecklenburg Board of Education.

As a result of the petition, Jimmy Chancey ("Chancey"), the director of the CTE Department, spoke with Plaintiff about her hair, and the negative attention humiliated Plaintiff and caused her to change her hairstyle.

In or around July 2016, Plaintiff's seventeen-year-old son came to Plaintiff's office, and Dunn complained to multiple coworkers that she felt threatened by the presence of Plaintiff's son because he was an African American male. Dunn directed several employees to look up information about Plaintiff's son to confirm their suspicions that he had a criminal record. Upon learning of this, Plaintiff sent an email to Akeshia Craven-Howell ("Craven-Howell"), the Assistant Superintendent, on July 8, 2016. Craven-Howell sent Plaintiff a calendar invitation to discuss the matter, but the meeting never occurred. Plaintiff then reached out to Human Resources ("HR"), and in mid-July, Chancey told Plaintiff that HR directed him to handle the conflict between Dunn and Plaintiff. Chancey accused Plaintiff's son of having a criminal record and banned him from Charlotte-Mecklenburg Schools' property. Plaintiff alleges that her son could not return to school for two weeks until she was able to obtain evidence to prove the allegations regarding his criminal record were false.

Dunn began a daily ritual of walking out of her way to pass by Plaintiff's desk multiple times a day and standing there until Plaintiff acknowledged her presence and spoke to her. In addition, with Dunn's encouragement, other white employees made jokes at Plaintiff's expense, spoke to Plaintiff in a derogatory way, or outright ignored and refused to speak to Plaintiff.

From March 2, 2016 through February 13, 2017, Plaintiff complained about the discriminatory conduct to Chancey, Craven-Howell, and HR. HR advised Plaintiff that Dunn's and Chancey's conduct was not violating any employment policy and suggested Plaintiff resolve the issues internally. After HR deputized Chancey to handle the conflict within the CTE Department, Chancey advised Plaintiff to be more polite to Dunn. On February 13, 2017, Plaintiff spoke to Employee Relations Manager Sandra Gero about the discrimination, but Gero stated that she supported Chancey's decisions.

On March 3, 2017, Defendant issued Plaintiff an unfounded letter of reprimand and intentionally locked Plaintiff out of work programs and software that were necessary for Plaintiff to perform her job. Defendant disciplined Plaintiff again on March 3, 2017 because Plaintiff did not perform another coworker's job functions. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 20, 2017. (Doc. No. 5-1.)

During the summer of 2017, Plaintiff applied for five internal positions with Defendant for which she met or exceeded the requirements. Defendant did not consider Plaintiff for any of the positions, stating that although Plaintiff met the written qualifications, she did not meet the unwritten qualifications.

At the end of 2017, Craven-Howell gave Plaintiff a negative performance evaluation for 2016–2017, stating that Plaintiff was not a team player because she filed a discrimination charge.

Plaintiff asserts claims for violation of 42 U.S.C. § 1983 based on protections

set forth in 42 U.S.C. § 1981, race-based discrimination in violation of Title VII, and retaliation in violation of Title VII. Defendant moved to dismiss Plaintiff's Amended Complaint. In the M&R, the Magistrate Judge recommended that Defendant's motion be granted in part and denied in part. The Magistrate Judge first concluded that claims based on events occurring in January and July 2016 are time barred because the events occurred more than 180 days prior to Plaintiff filing her discrimination charge. The Magistrate Judge then concluded that Plaintiff fails to state claims for violation of 42 U.S.C. § 1983, failure to promote, and hostile work environment and recommended that these claims be dismissed. As to Plaintiff's retaliation claim, the Magistrate Judge concluded that the allegations are sufficient to state such a claim and recommended that Defendant's motion be denied as to this claim. Plaintiff timely filed her objections to the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it

meets the pleading standard of Rule 8(a)(2)." Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (alteration in original). Additionally, when ruling on a defendant's motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the

5

plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

III. DISCUSSION

Plaintiff makes two objections to the M&R: (1) the Magistrate Judge erred in concluding that claims based on events occurring in January and July 2016 are time barred, and (2) the Magistrate Judge erred in concluding that the allegations are insufficient to state a hostile work environment claim.

A. Plaintiff's hostile work environment claim is not time barred to the extent it is based on events occurring in January and July 2016.

A plaintiff must file a discrimination charge with the EEOC before bringing a federal lawsuit under Title VII. Sydnor v. Fairfax Cty., 681 F.3d 591, 593 (4th Cir. 2012); 42 U.S.C. § 2000e-5(f)(1). The EEOC charge must be filed within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); Davis v. Weiser Sec. Servs., No. 3:13-cv-00522, 2016 U.S. Dist. LEXIS 26005, at *6 (W.D.N.C. Feb. 3, 2016), adopted by 2016 U.S. Dist. LEXIS 26006 (W.D.N.C. Mar. 1, 2016). "Failure to meet this requirement results in an untimely claim which will be procedurally barred for failure to exhaust administrative remedies." Davis, 2016 U.S. Dist. LEXIS 26005, at *6; see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) ("A claim is time barred if it is not filed within [this] time limit[].").

"A discrete retaliatory or discriminatory act, like termination or failure to promote, occurs 'on the day that it happened.' As a result, a plaintiff's charge as to that discrete act is timely only if the discrete act occurred 180 days prior to the filing of the charge." Sutton v. Charlotte-Mecklenburg Schs., No. 3:18-cv-00161, 2018 U.S.

Dist. LEXIS 128102, at *10 (W.D.N.C. July 30, 2018) (citation omitted) (quoting Morgan, 536 U.S. at 110, 114). Hostile environment claims, however, "are different in kind from discrete acts." Urda v. PetSmart, Inc., 854 F. Supp. 2d 359, 363 (E.D. Va. 2012) (quoting Morgan, 536 U.S. at 115–18). "Their very nature involves repeated conduct." Morgan, 536 U.S. at 115. Such a claim "is comprised of a series of separate acts that collectively constitute one unlawful employment practice." Moret v. Harvey, 381 F. Supp. 2d 458, 468 (D. Md. 2005) (quoting Morgan, 536 U.S. at 122). "The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." Morgan, 536 U.S. at 115. Thus, "a Title VII plaintiff seeking to recover for a hostile work environment can recover for acts occurring even beyond [the 180-day] period, as long as at least a portion of the hostile work environment occurred within the relevant limitations period." White v. BFI Waste Servs., LLC, 375 F.3d 288, 292–93 (4th Cir. 2004). "In other words, even if most of the harassing conduct on which a plaintiff relies to establish her hostile work environment claim occurred outside the [180-day] statutory period, the claim will be considered timely if at least one act continuing the violation occurred within the statutory period." Guessous v. Fairview Prop. Invs., LLC, 828 F.3d 208, 222 (4th Cir. 2016); Morgan, 536 U.S. at 118 ("In order for the charge to be timely, the employee need only file a charge within [180 days] of any act that is part of the hostile work environment.").

Here, the Magistrate Judge concluded that any claim arising before September

7

21, 2016—which is 180 days prior to March 20, 2017, the date on which Plaintiff filed her EEOC charge—is time barred. Plaintiff, however, alleges a hostile work environment claim based on events occurring from January 2016 through March 2017. Because Plaintiff filed her EEOC charge within 180 days of at least one act that is part of the alleged hostile work environment, the charge was timely and the events that occurred outside the 180-day period may be considered by the Court in determining Defendant's liability on Plaintiff's hostile work environment claim. Morgan, 536 U.S. at 117 ("It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.").

### B. The Amended Complaint fails to state a hostile work environment claim.

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Since an employee's work environment is a term or condition of employment, Title VII creates a hostile working environment cause of action." EEOC v. R&R Ventures, 244 F.3d 334, 338 (4th Cir. 2001); see also Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir. 2015) ("An employer contravenes § 2000e-2(a)(1) by, inter alia, requiring an

African-American employee to work in a racially hostile environment."). To state a claim for hostile work environment, a plaintiff must allege facts showing: "(1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

"Establishing the third element requires that the plaintiff show that the work environment was not only subjectively hostile, but also objectively so." Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011). "Whether the environment is objectively hostile or abusive is 'judged from the perspective of a reasonable person in the plaintiff's position." Boyer-Liberto, 786 F.3d at 277 (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998)). "This objective inquiry 'is not, and by its nature cannot be, a mathematically precise test.'" EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 315 (4th Cir. 2008) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 22 (1993)). Instead, "courts must examine the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Strothers v. City of Laurel, 895 F.3d 317, 331 (4th Cir. 2018) (quoting Harris, 510 U.S. at 23). "This standard is a demanding one." Martin v. Merck & Co., 446 F. Supp. 2d 615, 629 (W.D. Va. 2006) (quotation marks omitted). It is well established that Title VII "does not

9

set forth a general civility code for the American workplace." Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006) (quotation marks omitted). The Supreme Court has recognized that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (citation and quotation marks omitted). "Thus, complaints premised on nothing more than rude treatment by coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor are not actionable under Title VII." Sunbelt Rentals, Inc., 521 F.3d at 315–16 (brackets, citations, and quotation marks omitted). "When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." Harris, 510 U.S. at 21 (quotation marks omitted).

Here, even considering the events that occurred in January and July 2016, Plaintiff fails to allege harassment that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. The circulation of a petition regarding Plaintiff's hairstyle and the false accusations regarding Plaintiff's son's criminal record, while certainly inappropriate and offensive, simply fail to satisfy the demanding severe or pervasive standard required to state a claim for hostile work environment. And allegations that Dunn and other coworkers made jokes at Plaintiff's expense, spoke to Plaintiff in a derogatory

10

manner, or ignored Plaintiff—without more—are more properly characterized as nonactionable "rude treatment by coworkers" and "callous behavior by one's superiors." Sunbelt Rentals, Inc., 521 F.3d at 315–16. Therefore, this claim must be dismissed.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 21), is **ADOPTED in part**; and

2. Defendant's Motion to Dismiss, (Doc. No. 16), is **GRANTED in part** and **DENIED in part**. The motion is granted as to Plaintiff's claims for violation of 42 U.S.C. § 1983, failure to promote, and hostile work environment, and these claims are dismissed. The motion is denied as to Plaintiff's claim for retaliation.

Signed: October 23, 2019

Robert J. Conrad, Jr.
United States District Judge